IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL DAVID GILMORE,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S SECOND MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>Case No. 1:20-CR-74 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant Michael David Gilmore's Motion for Early Termination of Supervised Release. For the reasons discussed below, the Court will deny the Motion without prejudice.

Defendant was convicted of Possession of a Firearm and Ammunition by a Convicted Felon on April 27, 2021, following his entry of a guilty plea. He was sentenced to a term of imprisonment of 30 months, to be followed by 36 months of supervised release. Defendant began his term of supervision on October 21, 2022. Defendant filed a motion for early termination of supervised release on November 3, 2023, which the Court denied without prejudice. This is his second motion for early termination of supervised release.

In his Motion, Defendant states that he has largely complied with the terms of his supervised release and, despite have some issues with drug use at the beginning of his term, he has since successfully completed all treatment required of him, has taken his supervision seriously, and is ready to be released from supervision. Consultation with Defendant's

supervising officer confirms that Defendant has done well while on supervision aside from the admitted early issues with drug issue.

18 U.S.C. § 3583(e) permits the Court to terminate supervised release at any time after a defendant has completed at least one year of supervised release, but prior to completion of the entire term, if the Court is satisfied that such action is (1) warranted by the conduct of an offender and (2) is in the interest of justice. In making this determination, the Court is directed to consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.

Considering these factors, the Court finds that termination of Defendant's supervised release is not appropriate at this time. While the Court commends Defendant on his progress, the Court believes that an additional period of supervision will be beneficial.

It is therefore

ORDERED that Defendant's Second Motion for Early Termination of Supervised Release (Docket No. 51) is DENIED.[1]

DATED this 20th day of June, 2024.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[1] Because a refusal to terminate supervised release is not a modification of the conditions of supervised release, a court is not required to hold a hearing under Federal Rule of Criminal Procedure 32.1(c) if it decides not to grant a request for early termination. *See United States v. Reagan*, 162 F. App'x 912, 913 (11th Cir. 2006).